UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-80230-BLOOM

FLYING COW RANCH HC, LLC,

    Appellant,

v.

MARK J. MCCARTHY and
TIMOTHY K. MCCARTHY,

    Appellees.
_____/

## ORDER DISMISSING APPEAL

**THIS CAUSE** is before the Court upon Appellant Flying Cow Ranch HC, LLC's ("Debtor") Motion for Leave to Appeal, ECF No. [1] (the "Motion"). The Court has reviewed the Motion, Appellees Mark J. McCarthy and Timothy K. McCarthy's ("Creditor") Response in Opposition, the record in this case, and is otherwise fully advised. For the reasons set forth below, the Court denies the Motion.

### I. BACKGROUND

This case involves an appeal from four orders in an underlying bankruptcy proceeding pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101, *et seq. See In re: Flying Cow Ranch HC, LLC*, Case No. 18-12681-MAM (the "Bankruptcy Case"). The following are the facts relevant to this appeal.

On March 8, 2011, Debtor filed a Voluntary Petition under Chapter 11. *See* BK ECF No. [1].[1] The Debtor listed its primary asset as an interest in a purchase and sale contract (the

---
[1] The Court will refer to docket entries in the Bankruptcy Case as "BK ECF," and docket entries in the instant appeal as "ECF."

"Contract") dated December 5, 2014, which entitled Debtor to purchase 150 acres of land in Wellington, Florida (the "Property"). *See* BK ECF No. [208] at 1. The Creditor is the owner of the Property. *See* BK ECF No. [198] at 2. An addendum to the Contract provided for an extended closing of December 5, 2018, assuming certain extension fees and deposits were paid to the Creditor. *See id.* at 3. Debtor ceased paying the extension fees that became due after the filing of the bankruptcy petition. *Id.* On April 25, 2018, the Creditor filed a Motion to Compel Debtor to assume or reject the Contract. BK ECF No. [30]. The Bankruptcy Court granted the Creditor's Motion to Compel and required the Debtor to either assume or reject the Contract. BK ECF No. [54] ("Order Granting Motion to Compel"). Debtor filed a Motion to Approve Assumption of the Contract. BK ECF No. [92]. The Bankruptcy Court denied the Motion to Approve. BK ECF Nos. [116] ("Order Denying Motion to Approve"). Debtor then moved to appeal the Order Granting Motion to Compel and the Order Denying the Motion to Approve. BK ECF Nos. [89] and [129]. On January 31, 2019, the Federal District Court declined to hear the interlocutory appeals. *See* BK ECF No. [207].

The deadline for Debtor to file its plan and disclosure statement in the Bankruptcy Proceeding expired on January 2, 2019. On December 13, 2018, the Debtor filed an Expedited Motion to Extend Deadline to File Plan and Disclosure Statement, arguing that Debtor would be able to propose a confirmable plan should the Debtor prevail in its appeals. BK ECF No. [175] ("Motion to Extend"). On January 4, 2019, the Bankruptcy Court granted in part and denied in part the Motion to Extend, extending the deadline to file a plan and disclosure statement until January 16, 2019. BK ECF No. [183] ("January 4th Order"). On January 11, 2019, the Creditor filed a Motion for Reconsideration of the January 4th Order. BK ECF No. [188] ("Motion for Reconsideration"). On January 16, 2019, the Debtor filed a Motion for Extension of Deadlines,

seeking a 45-day extension of the deadline for the Bankruptcy Court to confirm the plan. BK ECF No. [196]. On January 18, 2019, the Debtor filed a Motion for Enlargement, seeking an extension from January 2, 2019 until January 4, 2019 to file its plan and disclosure statement, because the Bankruptcy Court's January 4th Order was entered two days after the 300-day deadline for the Debtor to file its plan and disclosure statement. BK ECF No. [200]. On January 31, 2019, the Court entered an Order Granting the Motion for Reconsideration, BK ECF No. [206], pursuant to which the Bankruptcy Court entered an Amended Order Denying Motion to Extend on February 1, 2019, BK ECF No. [208]. On February 4, 2019, the Bankruptcy Court denied the Motion for Enlargement of Time. BK ECF No. [212]. That same day the Bankruptcy Court denied the Debtor's Motion for Extension of Deadlines as Moot. BK ECF No. [213].

On February 14, 2019, the Debtor filed the instant Motion, seeking leave to appeal Bankruptcy Court Orders ECF Nos. [206], [208], [212], and [213] (the "Orders"). The Motion states that the Debtor believes the Orders constitute final orders subject to direct appeal because they have the effect of prohibiting the Debtor from filing a Plan of Reorganization and moving forward with its reorganization efforts. The Motion further states that the Debtor files the Motion out of an abundance of caution, requesting that the Court grant it permission to proceed with an interlocutory appeal.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 158(a), the district courts have jurisdiction to hear appeals from final judgments and orders, and interlocutory orders of the bankruptcy judges, with prior leave of court. 28 U.S.C. § 158(a)(1),(3). While finality is a more flexible concept in bankruptcy, the increased flexibility "does not render appealable an order which does not finally dispose of a claim or adversary proceeding." *In re Donovan*, 532 F.3d at 1136. Indeed, to be final, "a bankruptcy

court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Id.* at 1136-37 (quoting *In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000)) (internal quotations omitted). "In short, the same concepts of finality apply in bankruptcy as in any other case, but they are applied to the discrete controversies within the administration of the estate; the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do." *Id.* at 1137 (quoting *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (internal quotations omitted). The Debtor asserts that the Orders constitute final orders but does not provide any authority in support. Upon review, the Court lacks jurisdiction to review the Orders under § 158(a)(1) because the Orders are not final orders of the Bankruptcy Court.

Nevertheless, a party may appeal a non-final order of a bankruptcy court with leave of the district court. *See* 28 U.S.C. § 158(a)(3) ("jurisdiction to hear appeals . . . with leave of the court, from other interlocutory order and decrees"); *Tobkin v. Calderin*, 2012 WL 3609867, at *1 (S.D. Fla. Aug. 22, 2012) ("district courts have jurisdiction to hear appeals with leave of the court, from other interlocutory orders and decrees"); *In re Fillard Apartments, Ltd.*, 104 B.R. 480, 480-81 (S.D. Fla. 1989) ("Interlocutory appeals, however, may only be taken to the district court with the leave of the district court.").

Interlocutory review is generally disfavored for its piecemeal effect on cases. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ("[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive and, consequently, are generally disfavored.") (quotations omitted). However, a district court may grant interlocutory review of a bankruptcy order if the moving party demonstrates "that: (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate

termination of the litigation." *Laurent v. Herkert*, 196 F. App'x 771, 772 (11th Cir. 2006) (citing 28 U.S.C. § 1292(b)); *see In re Pac. Forest Prods. Corp.*, 335 B.R. 910, 919 (S.D. Fla. 2005) (hereinafter, "*Colonial Bank*"). This "three-part standard is analogous to that set forth in 28 U.S.C. § 1292(b), which governs appeals from the district court to the circuit court of appeals." *Colonial Bank*, 335 B.R. at 919; *see In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995) (citing *In re Charter Co.*, 778 F.2d 617, 620 (11th Cir. 1985)) ("In determining when to exercise this discretionary authority, a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b)."). "Leave must be denied if the party seeking leave to appeal fails to establish any one of the three elements." *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007).

As the party seeking interlocutory review, the Debtor "bears the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Samsung Semiconductor, Inc. v. AASI Liquidating Trust ex. Rel. Welt*, 2013 WL 704775, at *4 (S.D. Fla. Feb. 26, 2013) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (discussing the role of the court of appeals in interlocutory appeals)); *see also Soler v. Yip*, 2013 WL 5446674, at *5 (S.D. Fla. Sept. 30, 2013) ("interlocutory bankruptcy appeals should be the exception, not the rule."). Even when a party has established the three factors warranting interlocutory appeal, a court "has discretion to turn down" an interlocutory appeal, as liberal use of the interlocutory appeal process "is bad policy." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). Upon review, none of the three-part test is satisfied in this case.

First, a controlling question of law "deals with a question of 'pure' law, or matters that can be decided 'quickly and cleanly without having to study the record.'" *Colonial Bank*, 335 B.R. at

919-20; *see McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (internal quotations omitted); *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003). A question of law is "controlling" "only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." *Samsung Semiconductor, Inc. v. AASI Liquidating Tr. ex rel. Welt*, No. 12-23707-CIV, 2013 WL 704775, at *5 (S.D. Fla. Feb. 26, 2013); *see McFarlin*, 381 F.3d at 1259 ("The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law."). The crux of this appeal is whether the Bankruptcy Court erred in denying the Debtor an extension of time to file a plan and disclosure statement. In appealing the Orders, the Debtor asks the Court to "second guess the reasonableness of the bankruptcy court's judgment, but this is not the purpose of interlocutory review." *Shannon v. Morales-Arcadio Creditors*, No. 09-61153-LWD, 2010 WL 5288305, at *3 (S.D. Ga. Dec. 17, 2010) (internal quotations omitted).

Second, only "[i]f the court finds that a matter raises a controlling question of law ... must [a court] determine whether a substantial ground for difference of opinion exists as to that question." *Samsung Semiconductor, Inc.*, 2013 WL 704775, at *5. "To satisfy the second element, an appellant "must show that at least two courts interpret the relevant legal principle differently." *Figueroa*, 382 B.R at 824 (citing *Colonial Bank*, 335 B.R. at 919). Although the Court need not address this factor in light of its finding of the absence of a controlling question of law, the Debtor has failed to show a difference of opinion among the courts as to any question of law.

Third, "the text of § 1292(b) requires that resolution of a 'controlling question of law ... may materially advance the ultimate termination of the litigation.'" *McFarlin*, 381 F.3d 1251 at 1259. The Eleventh Circuit has explained that "[t]his is not a difficult requirement to understand.

It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Id.* Here, there is no indication that permitting the Debtor an extension of time to file a plan and disclosure statement would advance the termination of this litigation. Rather, the Debtor conceded at a hearing conducted on December 18, 2018 in the Bankruptcy Proceeding "that it was impossible for anyone to file a confirmable reorganization plan and disclosure statement … unless Debtor prevails in the Appeals [in Case No. 18-cv-81078], and therefore it makes no sense to require the Debtor to file a plan and disclosure statement until the Appeals are resolved." BK ECF No. [208] at 6-7. The Debtor has not prevailed in the appeals in Case No. 18-cv-81078, as the District Court declined to hear the interlocutory appeal. *See* BK ECF No. [207]. Therefore, according to the Debtor itself, it will not be able to file a confirmable reorganization plan and disclosure statement. Accordingly, granting the instant appeal and permitting the Debtor additional time to file a plan and disclosure statement would not advance the litigation.

### III. CONCLUSION

For the reasons stated herein, it is **ORDERFED AND ADJUDGED** that

1. The Motion for Leave to Appeal, ECF No. [1], is **DENIED**.
2. Any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida on March 19, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record